UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN TORRES,<br><br>            Plaintiff,<br><br>      v.<br><br>EMPLOYMENT DEVELOPMENT DEPARTMENT (EDD), et al.,<br><br>            Defendants. | Case No. 25-cv-08964-TLT<br><br>**ORDER SCREENING AND DISMISSING COMPLAINT**<br><br>Re: Dkt. Nos. 1, 2 |

Before the Court is Plaintiff Julian Torres ("Plaintiff")'s motion for leave to proceed in forma pauperis and Plaintiff's motion for a temporary restraining order. ECF 1; ECF 2.

After review and consideration of the complaint, motion, attachments and exhibits thereto, the Court **GRANTS** Plaintiff's motion for leave to proceed in forma pauperis, **DISMISSES WITH PREJUDICE** Plaintiff's complaint for failure to state a claim, and **DENIES** Plaintiff's motion for temporary restraining order.

**I.      BACKGROUND**

On October 17, 2025, Plaintiff filed a combined complaint and motion for temporary restraining order against Defendant Employment Development Department ("EDD"). ECF 1. Plaintiff's complaint brings claims under: (1) violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; (2) 29 U.S.C. § 794; (3) Cal. Gov. Code. § 11135, (4) 42 U.S.C. § 12203; and (5) Due Process, U.S. Const. amend XIV. ECF 1 at 2. Plaintiff seeks declaratory and injunctive relief "compelling ADA-compliant procedures, acceptance of certification under protest, non-retaliation, record preservation and product, and any further just relief, including fees and costs. *Id.*

On October 17, 2025, Plaintiff filed a motion for leave to proceed in forma pauperis. ECF 2.

## II. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

On October 17, 2025, Plaintiff filed an application to proceed in forma pauperis. ECF 2. Having considered the application, the Court GRANTS Plaintiffs application to proceed in forma pauperis *subject* to Plaintiffs complaint being screened pursuant to 28 U.S.C. § 1915. Plaintiff has submitted the required documentation and the listed assets and income are insufficient to enable payment. *See* ECF 2.

## III. LEGAL STANDARD

### A. Screening Complaint Pursuant to 28 U.S.C. § 1915(e)(2)

The in forma pauperis statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted).

### B. Temporary Restraining Order

Requests for TROs are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7

1   (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic remedy," that is never

2   awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted).

3   Whether seeking a TRO or a preliminary injunction, a plaintiff must establish four factors: (1) that

4   he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence

5   of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is

6   in the public interest. *Winter v. Natural Res. Def. Council Inc.*, 555 U.S. 7, 20 (2008). Plaintiff

7   carries the burden of establishing the *Winter* factors. *Id.*

## IV.   DISCUSSION

### A. Plaintiff's Complaint is Insufficient to Satisfy Section 1915 Screening Because Plaintiff Fails to State a Claim

To satisfy the pleading standard required to survive Section 1915(e)(2) a Plaintiffs' "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Courts may dismiss claims that lack "sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted)

Plaintiff's complaint brings claims under: (1) violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; (2) 29 U.S.C. § 794; (3) Cal. Gov. Code. § 11135, (4) 42 U.S.C. § 12203; and (5) Due Process, U.S. Const. amend XIV. ECF 1 at 2. Plaintiff seeks declaratory and injunctive relief "compelling ADA-compliant procedures, acceptance of certification under protest, non-retaliation, record preservation and product, and any further just relief, including fees and costs. *Id.* Plaintiff broadly alleges that his claims are related to a whistleblower disclosure and requested accommodations under the ADA, but Plaintiff's complaint includes no argument or facts related to his five causes of actions. *See* ECF 1 at 2; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

With respect to Count I, Plaintiff does not provide any factual allegations related to his alleged disability, or that such a disability would qualify under the ADA. *See Updike v.*

3

1  *Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017) (To allege a claim under Title II of the ADA,
2  Plaintiff must allege "(1) he is a 'qualified individual with a disability;' (2) he was either excluded
3  from participation in or denied the benefits of a public entity's services, programs, or activities, or
4  was otherwise discriminated against by the public entity; and (3) such exclusion, denial of
5  benefits, or discrimination was by reason of his disability." ).

With respect to Count II, Plaintiff does not provide any factual allegations related to Defendant's "inten[tion] to discriminate," nor does he provide factual support for the contention that any actions taken by Defendant were "on the basis of [Plaintiff's] disability." *See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 466 (9th Cir. 2015) ("To establish a claim for damages under the Rehabilitation Act and ADA, a plaintiff must prove that the defendant intended to discriminate on the basis of his or her disability, or was deliberately indifferent to the disability.").

With respect to Count III, Plaintiff fails to allege that state agencies themselves are liable under Cal. Gov't Code § 11135 (which is aimed at *recipients* of state funding), and moreover, Plaintiff does not allege sufficient facts about his alleged disability and how he experienced discrimination. *See Martinez v. Cnty. of Alameda*, No. 20-cv-06570, 2025 WL 240767, at *19 (N.D. Cal. Jan. 17, 2025) (Section 11135 "incorporates the protections and prohibitions of the ADA and its implementing regulations.") (internal quotations omitted); *Merritt-Rojas v. Life Moves*, No. 23-cv-04383, 2023 WL 8190175, at *3 (N.D. Cal. Nov. 27, 2023) (dismissing § 11135 claim for the same reasons as plaintiff failed to state a claim under Title II of the ADA).

With respect to Count IV, Plaintiff fails to allege retaliation under the ADA because he fails to plausibly allege that he engaged in any protected activity related to a qualifying disability. *See Dominguez v. Bachofer*, No. 24-cv-02904, 2024 WL 5163946, at *2 (N.D. Cal. Dec. 16, 2024); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (holding that to state a claim under Title V of the ADA, Plaintiff must allege as a threshold matter, that "he or she engaged in a protected activity"). Plaintiff does not adequately allege a qualifying disability under the ADA in Count I, nor does he allege any particular policies discriminating against him on the basis of that alleged disability.

United States District Court
Northern District of California

1         Finally, with respect to Count V, Plaintiff does not allege any substantive due process right
2 or deprivation of a protected interest giving rise to a procedural due process claim.  *See Witt v.*
3 *Dep't of Air Force*, 527 F.3d 806, 817 (9th Cir. 2008) (holding substantive due process claim
4 requires allegations of a "fundamental right"); *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904
5 (9th Cir. 1993) (holding procedural due process claim requires allegations of a "(1) a liberty or
6 property interest protected by the Constitution; (2) a deprivation of the interest by the government;
7 [and] (3) lack of process").

8         Accordingly, Plaintiff fails to state a claim in Counts I–V and his complaint is deficient
9 under 28 U.S.C. § 1915(e).

10        The decision of whether to grant leave to amend is "within the discretion of the district
11 court." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman*
12 *v. Davis*, 371 U.S. 178, 182 (1962)). A district court may deny leave for many reasons, including
13 "futility of amendment."  *Id.*  Here, Plaintiff's complaint consists of only a few short statements
14 and no argument.  ECF 1.  Accordingly, the Court finds that granting leave to amend would be
15 futile.  *See Sohn v. California Hous. Fin. Agency*, No. 20-cv-03780, 2021 WL 3173301, at *6
16 (N.D. Cal. July 27, 2021) (dismissing complaint without leave to amend where plaintiff "failed to
17 allege facts sufficient to state a claim under any of the federal statutes enumerated" and finding
18 that "nothing in the [complaint] suggests that [plaintiff] would be able to state a claim" if given
19 opportunity to amend); *Sermeno v. Tang*, No. 25-cv-06488, 2025 WL 2722659, at *6 (N.D. Cal.
20 Sept. 5, 2025), *report and recommendation adopted*, No. 25-cv-06488, 2025 WL 2721682 (N.D.
21 Cal. Sept. 24, 2025) (recommending dismissal with prejudice where complaint "lacks any legally
22 viable theory of liability); *Feng v. Alta Bates Summit Med. Ctr.*, No. 25-cv-06598, 2025 WL
23 2899510, at *3 (N.D. Cal. Oct. 10, 2025) (dismissing claim with prejudice where "claims are too
24 insubstantial" to warrant amendment).

25        Accordingly, although Plaintiff financially qualifies for IFP, Plaintiff's complaint is
26 DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted, for
27 the reasons stated above.  28 U.S.C. § 1915(e)(2).
28 / / /

**B. Temporary Restraining Order**

Because the Court dismisses this claim as deficient under 28 U.S.C. § 1915, the Court DENIES Plaintiff's motion for a temporary restraining order, ECF 1. *See Lawson v. Pacholke*, 830 F. App'x 976, 977 (9th Cir. 2020) (affirming dismissal of denial of preliminary injunction motion where underlying claims dismissed); *Jurado v. Ramirez*, No. 20-cv-08602, 2021 WL 3771783, at *3 (N.D. Cal. Aug. 24, 2021) (similar).

**V. CONCLUSION**

For the reasons stated above, the Court **DISMISSES** the case **WITH PREJUDICE** and finds that the action fails to state a claim on which relief may be granted for the reasons stated above. 28 U.S.C. § 1915(e)(2). The Court **DENIES** Plaintiff's motion for a temporary restraining order. The Clerk of Court is ordered to terminate the case.

The Order resolves ECF 1, ECF 2.

IT IS SO ORDERED.

Dated: October 17, 2025

TRINA L. THOMPSON
United States District Judge